Thank you, Your Honor. Go ahead, please. Victor Villapalata and Co-Counsel Ben Carson on behalf of the appellate, East Coast Foods. Your Honor, so it's apparent, and maybe it's true in all cases on appeal, that it's amazing to me how different the perspectives are between an appellee and an appellate as to what happens below and what the situation is as we view it today on appeal. They start out in the response to our opening brief saying, we're asking you to reverse the lower court's discretion on an abuse of discretion basis that you abuse your discretion and deny our motion to leave the lawsuit to be filed. That's our fallback position, our fundamental position, and what we devote a large portion of our brief to is that she committed an error of the law, that she ruled that she has exclusive jurisdiction over the claims that we wanted to bring, and that, therefore, she would deny the leave to be filed on that basis. We believe that the determination of jurisdiction, of subject matter jurisdiction, is subject to a de novo review, and we believe she was committed error in concluding that she had exclusive jurisdiction. If you look at 1334, which is the basis for jurisdiction, and you read it and you look at where it says courts have exclusive, but original but non-exclusive jurisdiction, that's where you start. And then in 1334E, I believe, it says that you have exclusive jurisdiction over a couple of kinds of claims, and a couple of claims that are raised are claims of the estate and claims having to do with interpretation or requirements under 327 of the bankruptcy code. Our claims have nothing to do with 327. Our claims have to do with the fact that this, not this trustee who is now a former trustee, the case has been confirmed, the trustee has been discharged of his duties, he's no longer involved in the case, that the trustee in operating the business, there were four restaurants that were being operated, not in administering the estate, in operating the business was negligent in how he hired the people to run the business, the managers, the other employees in the business, and he was negligent, and that caused harm to the debtor. That's our case. This complaint also alleged that the trustee made misrepresentations in the retention application and the fee applications. We do allege in the complaint, and the complaint was filed by other counsel before we were involved, that in that complaint there are allegations that the trustee knew or should have known that there were incorrect statements in the application for compensation by TNI, the next idea, which was the company that they hired to run the restaurants. Yes? Those claims couldn't be covered by 959, could they? No, and I would agree with your honor that if you looked up the claims in the complaint, some may not be 959 claims, some may be bankruptcy claims, estate administration claims, and that's where we do get into the abuse of discretion, because we would argue that when you have, when a judge has 959 claims and non-959 claims, it would be an abuse of discretion for the court not to say that these matters ought to be joined and tried in one case and not have to be separated in two courts, one where they had no jurisdiction at all, that was our court case, and we have a right to jury trial, and then have a different proceeding in front of the judge on the 327 related issues. Well, he hires somebody to operate the business, right? Correct. So under 959, is he operating the business when he hires somebody? Yes. Or is he operating the business or is he not exercising his duty as a trustee right down the middle of the whole bankruptcy plate to make sure that he hires the right people and that he watches what they do? I mean, why is 959 implicated under those circumstances? It seems to me those things are apples and oranges. Is he operating the business? The answer is no, right? You have a theory whereby he should be deemed to be operating the business, correct? That's a different issue. He was appointed to operate the business. And he hires somebody to do that, which trustees do every day of the week, right? So is he technically operating the business? Answer, no. Is he supervising somebody? Answer, yes. What else do trustees do? Well, I guess you're drawing a distinction between supervising. Well, I'm drawing a distinction between that which is inherently a bankruptcy function and 959. Okay. I would disagree with you respectfully. I would say that he's operating the business. That's his function. Yeah. And that under 959, and the cases under 959 all say when you are operating business, when you are a trustee, you're running the business as distinct from a state administration. But the bottom line is who's harmed here? The estate, right? Not really. Not in this case. That's the interesting thing. Okay. Right. We're going to disagree about that, but you've got to finish the talk. The reason I say no is because a plan here calls for payment in full to all creditors with interest, so the estate isn't harmed. The equity is part of the estate. And if that was your point, yes, then I would agree. Okay. Then I would agree. And that's why this action is brought by the debtor. And, in fact, in this case, not only is the estate not really implicated, there is a plan trustee. And the plan trustee filed a statement in this matter indicating that this is a two-party dispute. It doesn't affect the plan. It doesn't affect the estate. He doesn't care. And he's out of the picture, and he's said so in his filing in this case. So this is really a dispute between the former trustee and the debtor. Is there anything about this that gets outside of the ordinary administration of a bankruptcy case? Well, I would say definitely. I'm happy with the answer no. That was not the answer I was going to give you. That's fine. That's fine. I get your line. Go ahead. I was going to say that. That's why I'm struggling. That's why I'm struggling with the bargaining system here. I can sense that. There you go. Go ahead. And I think that the cases do draw a distinction between operating a business and administering the estate. But why? Why? Because you've got 959, and some of the arguments are a little circular. What I'm suggesting is if the harm here is harm that occurs or doesn't occur in the course of a bankruptcy case, is Barton relevant? That's my question. And I would say Barton is not relevant because of 959. And it's not circular because 959 needs to be interpreted. That's your job. Okay. And so 959 needs to be interpreted. So what does it mean to operate a business? I think part of the problem is getting down a little further into the specifics and looking at the complaint, you know, starting with the causes of action, the first cause of action, potential misrepresentation. Defense representatives of the court and parties in the underlying T&I was a disinterested interest. And there we go. The disinterested interest doesn't happen at the restaurants. It happens in the bankruptcy court, and I think that's what Judge Lafferty is alluding to. If this is the misrepresentation, intentional and negligent, and the basis of the fraud, that sounds a lot like just garden variety bankruptcy administration. Why is that? Why is the representation of disinterest at 959? And that's what I alluded to in response to Judge Farris' first question. I think there are some claims. We're not saying all of them. What are those claims, then, I guess? Well, if you look at the complaint, if you look at the description of the acts, for example, of. . . No, I'm looking at the causes of action. Well, I would look, yes. That's your claim, and all of them seem to be relying upon that T&I was disinterested. That was the predicate act. But are the facts alleged in the complaint, not the claims? The facts allege, and in the motion. . . But you're not getting. . . What is the damage from the facts as apart from the damage as for the misrepresentation? That the business operated in a way that it purchased excessive inventory. But that's because of the trustee, and that's because the trustee is liable because he hired somebody who was not disinterested. No, he could have been disinterested or not. He was incompetent. That's different. That's not what your causes of action are leading to. I agree with you on that point. But they're not in the cause of action. The actions that had to do with the inappropriate operations of the business are set forth in the body of the complaint as well as in the motion for leave. The claim is to release the cause of action. I agree with you on that. But what we're saying is that one's complaint would necessarily have to be amended, not to add different causes of action based on the facts alleged in the complaint, not new facts. So the facts alleged in the complaint and alleged in the motion. And those had to do with the operation of the business. Your point, I completely agree that some of the actions here, some of the claims, were probably 327, the failure to disclose. So I agree that there's a mixed situation here of various kinds of facts and claims. You're at your five minutes. If you want to stop, if you want to keep going, that's fine too. I would just say briefly, eating into my five minutes, that the other disagreement we have is, what did the judge really do below? We say, and we think the court are more resolute, that the judge found that she did not have, she had exclusive jurisdiction. All of the other things that you probably would like you to say that she found, she didn't. And we've cited a couple of statements in the record, which is, I did not make a final decision on this, on sexual limitations. I did not make a final decision on this, on standing. None of those are final decisions. None of those are before you. They couldn't be before you under, what, 28 U.C. 154, because they're not final. And there is no final order on those points before you. At the same time, we can affirm on any basis before us on the record, we're not bound by her reasoning, are we? No, you can't affirm based on any reason on the record that's undisputed. I don't think you can make findings of new findings of facts that were not decided below. I agree with that on findings of fact. On findings of fact. I'll reserve. Thank you, Your Honor. Thank you. By the way, I was smiling up to come to the restaurant because we told some young lawyers to be here earlier this week. You may be surprised to see that there's a vigorous disagreement about the work the judge actually did. You would think that's not vigorously disputed. Sometimes it really is. That's true. Uh-huh. Good morning. Good morning, Your Honors. Zeonon Danningill, Israel Krasnoff, appearing on behalf of the appellees, Brad Sharp, Chapter 11 trustee in BSI. I think what we just didn't hear very much of is what the standard of review is today and why this court is actually looking at this appeal. This was a motion for leave to sue the Chapter 11 trustee. Such a motion is left to a trial judge, the appointing judge's discretion, and they have the ability to rely on their experience in the case. They know the parties. They know what happened in the case. And in this case, quite a bit happened, as you can probably imagine reading the record. I would agree with that. But in this case, the rationale the judge relied on was her jurisdiction, her refusal of jurisdiction. When she got to the end of her ruling, that's where it was. She started with a tentative. She started off with more rationale. But I think it's fair to say that she pared it back by the time she got to the final. The phrase, all I'm deciding today, was kind of a tip off. Yes, but the context is important. So I argued many reasons to deny this motion. And the judge issued a tentative and said, basically, I agree with some of your reasons. And the judge added a few reasons of her own. The judge then read verbatim every single reason and actually took argument and argued about why it is that the judge disagreed with my opposing counsel. And when opposing counsel and I said, can you make this with prejudice in terms of dismissal of the two unauthorized lawsuits, the judge said, look, I'm not deciding anything on the merits. I'm not doing this with prejudice because I'm not deciding the merits. I'm just deciding that on Barton, he didn't meet his requirements for getting the Barton exception, in other words, to get me to give him leave to file the suit. She also relied in her final ruling on exclusive jurisdiction. She relied on that, but that was not the only reason she made that decision. And she even said, based on my findings of fact and law, make sure that the order reflects that. Following the actual oral argument, there was a minute order that was issued that said, based on the tentative, later on when there was a motion for leave for state pending appeal, the judge denied it and said, based on the findings that I made and the rulings that I made below, or at the tentative and the oral argument, the judge made it very clear that there were many reasons to deny this. So we get to the crux of all of this. The role of the court today is to look at whether the judge abused her discretion.  Courts are generally somewhat, they defer to the lower court because they understand the case. And the idea of it is the ruling shouldn't be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in a conclusion that reached upon the weighing of the relevant factors. Here, the court gave multiple reasons for her ruling and literally read the tentative into the record. It took over an hour to read. She didn't just issue a tentative and then come back to oral arguments and say, okay, I've reconsidered it. She read it verbatim when arguments were made about the tentative. She defended those rulings. So at the end of the day, the court really does have to look at what is it that the court looked at, the trial court looked at. What were the reasonings? And there were, you know, I submit plenty of reasons for the court to do what the court did. And certainly I argued those below and the court agreed with them. So that is really the standard today. It's not should this court second guess the trial judge, should this court or, you know, this panel disagree with, you know, the decision? Should we have done something differently? The question is, was this an abuse of discretion? And the answer is absolutely not. And by the way, they don't even argue that. What concerns me about this case is I can't really put a legal label on this, but I don't think the trustee covered himself in glory in this case, because the plan trustee came in within a very short time, I think it was just a few months. The trustee was able to identify the plan trustee was able to identify all the problems with the invoicing, all the problems with the overordering, and that was sufficient to convince the trustee, excuse me, the court, to disallow all compensation and require a disgorgement of T&I's compensation from all the way back. Correct. So the plan trustee spotted this problem relatively quickly. The trustee didn't. That bothers me. True. And it is unfortunate, and certainly it's something that the trustee is not proud of. On the other hand, as we argued, was this negligence? Maybe. Is this something that's covered by quasi-judicial immunity? Yes. That was one of the arguments we made. Negligence under California law or under Ninth Circuit law, Judge Mundt had a very interesting case on this, which said negligence is covered by qualified immunity. You can't sue a trustee for negligence. So that was one of the arguments we made, but also if you look at the brief that we filed in that motion, there were a lot of factual arguments, and, frankly, I challenged a lot of those declarations that were submitted because there were problems with them. And at the time they were submitted, they didn't affect the trustee, and so we didn't oppose them. But a lot of these declarations were based on hearsay, were based on all kinds of problematic issues, and if we litigated that, I would show you that really the trustee didn't do as bad as you think because he simply didn't know that T&I became disinterested in the middle of the case and this is not something that came up. During the actual oral argument that you're discussing, the judge looked at opposing the counsel for T&I and said, are you saying that T&I notified the trustee? And he said, no. Later on, there were all kinds of – the judge made specific findings that the trustee wasn't informed. So you can make an argument to show the trustee had known. We can go back and forth, and I have a whole brief on it. But the reality of it is that he didn't know the judge had those findings. This was discussed in November of 2018, and the judge made her rulings on this. So at the end of it, he approved all the trustees' compensation, denied all the compensation for T&I, I think at the same time, right at the same hearing. Same hearing, yeah. So that came up today. It was argued, it was considered, and the judge made her findings, which is why, again, the idea of fair discretion is really important. The judge knows the history of the case. The judge knows the issues, and when she makes her ruling in this case, whether you think she relied exclusively on the exclusive argument or not, she certainly gave five or six reasons and ultimately made a decision. So the question here is, did she abuse her discretion? The answer is absolutely not. And if you look at the appellate's briefs, they don't even say that she abused her discretion. That's not their argument. Their argument is Section 959A applies here, so let's not even talk about whether Barton applies. As they say, Barton doesn't apply. And I think the questions before were actually very much on point, because the idea of 959 is that when there are circumstances where a trustee actually manages a business and gets sued because of operations, and we're talking T&I cases, torts, we've seen wrongful death cases, that's been approved on 959. There's situations where the bankruptcy order shouldn't affect anything, right? Exactly, exactly. So 959A is extremely rare. And if you look at the cases, there aren't that many cases where 959 applies, because if we took the argument that they make, which is every time in Chapter 11, the trustee manages a business, the Barton doctrine doesn't apply, then every Chapter 11 that has business would mean that Barton doesn't apply, which means that every trustee would be sued after every case because there are always unhappy people. And there are cases out there where I think it was Judge Hand who said, basically, we don't want to let parties who didn't benefit from the bankruptcy sue the trustee afterwards and get benefits that they were not entitled to in the bankruptcy case. So that's the concept of Barton, is to protect the trustee from being harassed. And there are a lot of facts here that are not before the court that shine that really this is a harassment situation. The trustee did everything as bar in this case.  Put that aside for a second. These kinds of actions five years later are clearly not intended because of the merits. And every single allegation that was made here is based on T&I and anything related to T&I, and that is clearly a bankruptcy issue. And I'm asking about the record. The court ordered T&I to disgorge something like $350,000. Was that actually repaid? I don't believe they paid, but I was not involved in that. I know that they didn't get paid. They came in with two things. One is entitled to get certain money. They didn't get it, and then they were asked to disgorge. What happened after that, I don't know, actually. So at the end of the day, 959 not only does not apply here, but they didn't raise it until the reply brief. So the irony here is they come in with a motion to the bankruptcy judge, and they say, please give us leave to sue that chapter 11 trustee. We understand Barton applies here, so please give us that leave. That's what's before the judge. And, by the way, they don't disclose that they already filed two lawsuits against the trustee that they didn't solve and they didn't disclose the one in state court and one in district court. So we found the one in state court, didn't find it in district court, and we submitted it in our opposition. We informed the court about this, that they violated Barton. Now they come in and say, well, the facts and the allegations in that unauthorized case are really what's at issue. They were never at issue. It was the motion itself. So they file a motion. They say, here are the claims we want to proceed with against the trustee. And the judge considers it and says no. But they say, well, by the way, in the reply we mentioned 969, and so that's what applies. You can't raise an issue for the first time in the reply. And, by the way, they say, well, that's not what the cases say. Local rule 9013-1T4 says you can't raise an issue for the first time in the reply, otherwise you waive it. So this issue is even not before the court. It's really a waived issue. So, again, it goes back to a single issue before this court today. Did the judge, the trial judge, Judge Blubond, abuse her discretion when she simply looked at the motion and said, here are the grounds I'm relying on? No, you may not file a lawsuit outside my court. Do you think the bankruptcy court had exclusive jurisdiction of these claims, focusing on jurisdiction? Yeah, I think so. I think under 1334 it's clear that these issues arose under the bankruptcy. And if you look at three ‑‑ Rising under. Well, that's then the bankruptcy, I should say. Rising in is not exclusive. It is a bankruptcy case. Right. That is an exclusive. The court has exclusive jurisdiction over the bankruptcy case. You can't file a bankruptcy case in state court. Correct. And most of the issues arise under 327, which is disclosure. So it's clearly in there as well. Is that the bankruptcy case, or is that arising in the bankruptcy case? It is the bankruptcy case. Then what's left with arising under? It is the case itself that the court has jurisdiction over, and it's exclusive. Does it also arise under the bankruptcy code, because 327 is part of the bankruptcy case? Yes. So is it exclusive or non‑exclusive? Well, I certainly believe it's exclusive. And if you look at, I think, 327C, it's pretty clear that it is. I don't see a lot of Superior Court judges who look at whether or not it was disclosure with regard to disinterested. The one you see after the fact is typically the one that was the discharge injunction violated, and that can be done by state court as well, right? Correct. All right, that suggests maybe the solution is not the right answer. The point is the judge basically said, and by the way, the idea of Barton is that we want to give the court an exclusive jurisdiction until the court says otherwise. Otherwise, Barton really doesn't mean very much. If someone can say, well, you don't have exclusive jurisdiction, therefore we go somewhere else, where's Barton? There are two exceptions to Barton. Neither one was met here, and there's nothing in any case that I've seen that says, oh, because the court doesn't have exclusive jurisdiction, Barton doesn't apply. There isn't such a case, and I'm not aware of such law, and they certainly didn't provide such. So it looks like I have two minutes, but in sum, again, it's a question of whether or not the judge abused discretion. And the record is very clear that the judge looked at everything. There were a lot of arguments before the judge. The judge actually went through an hour where she recited the tentative in full. I don't think she did that to then come back and say, well, I'm going to rely just on exclusivity. And, by the way, they don't even argue exclusive jurisdiction in their brief. They basically gloss over that, and they say 959A is the only issue before us. And, again, I think they waive that argument, number one. Number two, 959 doesn't apply here. So in sum, I think the court should affirm, basically defer to the trial judge and find that the judge did not abuse her discretion. Thank you. Any more questions? Thank you very much. Mr. Lubon, you've got almost four minutes. Okay. I think I need to make the following points. One, again, if you look at page two of our brief, you'll see, and if you look at the transcript of here, you'll see how many times Judge Lubon said, I'm not making a finding. I'm not doing this. I'm not doing that. So I think the record is clear as can be of what she did and didn't do. She didn't make any final rulings on any Mr. Guzzi. Mr. Guzzi, I'm sorry. Mr. Rahman did make all the arguments he said he made. Absolutely. And she addressed them all interchangeably. She's inclined to rule in that way, but she didn't rule that way. And if you look again at the order, the order is very clear. The basis for my ruling is I have exclusive jurisdiction. That's what she said. Now, the appellees make an argument that there was a minute order entered. Well, I don't know. First of all, it's not called a minute order. I don't know what it is. We are told that it's called a text entry, whatever the fashion is. And it did say the tentative is adopted or to that effect. But then there was a subsequent text entry entered as well. And the appellees make no reference to that subsequent text entry. And it is the same. It's called a duplicate. Except it does delete. It doesn't have the phrase that tentative is adopted. So all that supports is the tentative was never adopted in this case. The ruling is the order. And she made no final decisions on all these other arguments that were made by appellees at the time. So that's one thing. The other thing is that I would agree that we have here a situation where the courts, in terms of the abuse of discretion, which we think would apply not to 959, would apply to the non-959. And our request for leave to file those actions with the 959 actions. That there, if you look at all the factors, it would be considered. You would look at this is post-discourse, post-confirmation. Everybody recognizes that post-confirmation in the Bank of the Courts of Jurisdiction is curtailed, is more limited. This case does not involve or impact the plan in any way. The plan trustee has said that in writing. This plan does not affect creditors. They're getting paid 100 cents on the dollar. So the connection of this claim against the former trustee, and it is the former trustee, he's no longer acting, is so tenuous that I would argue it was an abuse of discretion not to let these actions. So there's no close nexus in the Pegasus goals, would you say? I don't see it. Is that the question? Yes, that is the question. And I believe, no, there is no nexus, much less close nexus. Yes. I have a question. In the complaint that was filed, there were fraud and misrepresentation claims. It looks to me, however, like all the fraud and misrepresentation claims hinge on statements made either in the retention applications or in the fee applications. Are there fraud and misrepresentation claims that are based on statements made someplace else? You see what I'm saying? Yes, I think I understand your question, and the answer is there are no others alleged in the complaint that I'm aware of. I have nothing further. Thank you very much. Thank you very much.
judges: FARIS, LAFFERTY, and SPRAKER